IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAM T. JEWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case Number CIV-12-1125-C |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM OPINION AND ORDER

Petitioner is involved in a dispute with Respondent over potential income tax liability. As part of that proceeding, Respondent, through its Revenue Officer, issued two summonses to a third-party, specifically, BancFirst, seeking bank records related to Moore Nursing Home, Inc., and Duncan Manor, Inc., two entities owned by Petitioner. Asserting that the summonses were improper, Petitioner filed the present action as a Petition to Quash IRS Third-Party Summons. Respondent now seeks dismissal or judgment on Petitioner's request to quash the summonses. According to Respondent, the summonses were properly issued and Petitioner's attempt to quash is without merit.

Initially the Court notes that because Respondent relies on matters outside the pleadings, its Motion to Dismiss must be converted to a Motion for Summary Judgment. Because Petitioner recognized that conversion was required, has addressed the matter as if it were a summary judgment motion, and has made no request for additional discovery, the Court finds the matter is ripe for decision.

The parties are in agreement that whether or not the summons should be quashed is governed by United States v. Powell, 379 U.S. 48 (1964).  Under Powell, in order to enforce a summons, the United States must establish that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. Id. at 57-58.  The requisite prima facie showing is generally satisfied by the affidavit of the agent who issued the summons.  United States v. Balanced Fin. Mgmt., Inc., 769 F.2d 1440, 1443 (10th Cir. 1985).

Here, the parties' dispute revolves around two of the four elements.  First, Petitioner argues that the summonses seek records which were already in the possession of Respondent.  According to Petitioner, on March 21, 2012, two administrative summonses were issued to BancFirst seeking the exact same documentation.  Petitioner notes, however, that because these summonses were not properly issued, they were withdrawn.  However, prior to withdrawal of the summonses, the responding party had submitted the documents to the IRS.  The Revenue Agent then forwarded the unopened documents from the bank directly to Petitioner's counsel.  Petitioner's counsel argues that he then produced all of the documentation received from the bank to the Revenue Officer on April 27, 2012.  Petitioner argues any additional information sought cannot be produced, as it does not exist.  However, as Respondent notes, the summonses at issue in this proceeding seek information broader in scope than that forwarded by Petitioner's counsel.  In addition to seeking records from other calendar years, the current summonses also seek information falling within other categories

such as deposit slips, cancelled checks, and any financial statements. Thus, Petitioner's challenge to this element of <u>Powell</u> is without merit.

Petitioner's second challenge concerns the procedural correctness of the summonses. Petitioner received notice of the summonses on October 4, 2012. The summonses commanded production on October 22, 2012; thus, Petitioner argues, the summonses are invalid, as 26 U.S.C. § 7609(a)(1) requires that if a summons is issued, 23 days' notice must be given. According to Petitioner, because Respondent failed to give this statutorily-required notice, the summonses are procedurally defective and therefore should be quashed.

In facing a similar claimed violation, the Fifth Circuit set forth the standards to view Respondent's failure to satisfy the timeliness requirement.

> We, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS summons. Nothing in the language of the Code itself mandates this sanction for infringement. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances, including the government's good faith and the degree of harm imposed by the unlawful conduct.

<u>United States v. Bank of Moulton</u>, 614 F.2d 1063, 1066 (5th Cir. 1980).

Here, while Petitioner is correct that Respondent did not timely serve the summonses, the simple fact remains that Petitioner received notice of the summonses in time to file the present Petition to Quash, and have his concerns regarding the sufficiency of the summonses fully considered by this Court. After that consideration, the Court finds that there are no

grounds to quash the summonses, as they were properly issued.  Therefore, that Respondent may have made a three-day error is not grounds to quash the summonses.

For the reasons set forth herein, United States' Motion to Dismiss or for Summary Denial of Petition to Quash Summons (Dkt. No. 10) is converted to a Motion for Summary Judgment and is GRANTED.  Petitioner's Petition to Quash Summons (Dkt. No. 1) is DENIED.  The documents sought by the summonses, to the extent they exist, shall be produced within twenty (20) days of the date of this Order.  A separate judgment will issue.

IT IS SO ORDERED this 27th day of February, 2013.

ROBIN J. CAUTHRON
United States District Judge